# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Demario Jaquon Baker, | ) | C.A. No. 4:12-3201-TLW |
| | ) | Crim. No. 4:09-855 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

By Order filed March 28, 2013, the undersigned granted respondents's motion for summary judgment and denied petitioner's petition for relief pursuant to 28 U.S.C. § 2255. (Doc. # 449). Thereafter, on May 6, 2013, petitioner filed a "motion for reconsideration under Civil Procedural Rule 59(e)." (Doc. # 454).

Rule 59(e) of the Federal Rules of Civil Procedure provides that:

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary

appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding. Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)). In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Based upon the undersigned's review of the record in this case, the undersigned concludes that no legally sufficient basis exists to alter or amend this Court's March 28, 2013 Order in this case. In particular, the petitioner fails to: show any intervening change in controlling law; account for any new evidence; or show clear error of law or manifest injustice. Therefore, petitioner's motion for reconsideration is **DENIED**. (Doc. # 454).

**IT IS SO ORDERED.**

    s/ Terry L. Wooten
**TERRY L. WOOTEN**
**CHIEF UNITED STATES DISTRICT COURT JUDGE**

May 16, 2013
Florence, South Carolina